**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| STANLEY J. SEGAL | : | CIVIL ACTION NO. 15-1938 |
| | : | |
| DEBTOR. | : | |
| _____ | : | |
| | : | |
| ROBERT H. HOLBER, IN HIS | : | |
| CAPACITY AS CHAPTER 7 TRUSTEE | : | |
| OF THE BANKRUPTCY ESTATE | : | |
| OF STANLEY SEGAL, DEBTOR | : | |
| | : | |
| PLAINTIFF, | : | CHAPTER 7 |
| | : | BANKRUPTCY NO. 10-16822-SR |
| v. | : | |
| | : | ADVERSARY |
| STANLEY SEGAL, | : | PROCEEDING NO. 14-00504-SR |
| | : | |
| DEFENDANT. | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO THE APPEAL OF
STANLEY SEGAL, DEBTOR, FROM THE APRIL 1, 2015 ORDER
OF THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA FILED BY PLAINTIFF,
ROBERT H. HOLBER, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE
OF THE BANKRUPTCY ESTATE OF STANLEY SEGAL, DEBTOR**

RHOADES LLC
Mark L. Rhoades (PA Attorney No. 80641)
One Liberty Place, 36th Floor
1650 Market Street
Philadelphia, PA  19103
215-496-9002
rhoades@rhoadesllc.com

Dated:  June 17, 2015

# TABLE OF CONTENTS

PRELIMINARY STATEMENT………………………………………………………………… 1

STANDARD OF REVIEW……………………………………………………………..…………2

STATEMENT OF PROCEDURAL HISTORY AND FACTS……………………………… 3

    A.      The Debtor's Bankruptcy Petition and Schedules ……………………….3

    B.      Examination of the Debtor Pursuant to Rule 2004 ..........................................3

    C.      The Stipulation Regarding the Debtor's Claimed Exemptions………………4

    D.      Three Days After the Entry of The Order of Discharge, The Debtor Sues in District Court to Recover Under the Consulting Agreement………………... 4

    E.      Judge Jones' October 4, 2012 Order………………………………………...5

    F.      The Debtor's Motion to Transfer……………………………………………5

    G.      Judge Raslavich Denies Debtor's Motion to Transfer and Re-Opens The Debtor's Bankruptcy………………………………………………………........6

    H.      The Trustee's Declaratory Judgment Action and Motion for Summary Judgment in the Bankruptcy Court......................................………………6

LEGAL ARGUMENT……………………………………………………………………….11

    A.      Summary Judgment Was Required Given the Debtor's Failure to Produce Any Evidence In Opposition to the Trustee's Motion for Summary Judgment ……………………………………………………………...……...11

    B.      The Additional "Issues Presented" by the Debtor's Appeal Are Either Subsumed by the First Issue Presented or Are Otherwise Meritless…..........13

CONCLUSION…………………………………………………………………………....15

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986)......................11

*Celotex Corp. v. Catrett*, 477 U.S. 318, 324, 106 S.Ct. 2549, 2553 (1986)............................11, 12

*In re O'Brien Envtl. Energy, Inc.,* 188 F.3d 116 (3d Cir. 1999)………………………………….2

*In re Von Kiel*, 486 B.R. 327 (E.D. Pa. 2013)……………………………………………………… 2

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986).......................................................................................12

*Meridian Bank v. Allen*, 958 F.2d 126 (3d Cir. 1992)……………………………………………… 2

*Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods.*, 310 F.3d 118 (3d Cir. 2002)…. 3

Plaintiff, Robert H. Holber, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Stanley J. Segal (the "Debtor"), by and through his undersigned attorney, Mark L. Rhoades, Esquire, files this Brief in Opposition to the Debtor's Appeal of the April 1, 2015 Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania.

## PRELIMINARY STATEMENT

The Debtor's appeal from the April 1, 2015 Order of the Honorable Stephen Raslavich of the United States Bankruptcy Court for the Eastern District of Pennsylvania granting the Trustee's Motion for Summary Judgment ("the Motion") should be denied for the simple reason that ***the Debtor offered not a single fact in opposition to the Trustee's Motion***.

In response to the Motion, the Debtor offered no documents. He offered no deposition testimony. He did not even offer an affidavit concerning a purported "mistake" in his bankruptcy schedules – a mistake that was determinative as to the Trustee's Motion. The Debtor's only opposition to the Motion was legal argument. However, those arguments were contradicted by the facts established by the Trustee and presented to the Bankruptcy Court in the Trustee's Motion. Now, with this appeal, the Debtor continues to make legal arguments that ignore the facts of this case. In his appeal, the Debtor offers pages and pages of legal arguments that are dependent upon facts that simply do not exist.

In the Declaratory Judgment Action, the Trustee sought a determination that money owed pursuant to a purported "consulting agreement" was not wages that would be exempted from the Debtor's bankruptcy estate. In the Motion, the Trustee established all of the facts required for the Bankruptcy Court to find that money owed under the "consulting agreement" was not wages owed to the Debtor. More specifically the Trustee established that the money owed under the "consulting agreement" was not wages because: (1) the Debtor previously filed suit alleging that

1

the money was damages for breach of contract and not wages; (2) because the money was the proceeds from the sale of the Debtor's largest asset disguised as a consulting agreement; and (3) because the Debtor failed to identify the $500,000 that was previously received under the consulting agreement as wages. In response to these arguments, the Debtor presented no evidence in response.

At the hearing, the Bankruptcy Court pressed the Debtor's counsel on the Debtor's failure to offer any evidence in response to the Trustee's Motion. In fact, the Bankruptcy Court pressed counsel to identify ***any facts*** supporting the Debtor's position that the money owed under the Consulting Agreement was wages. In response, counsel admitted that he had no facts to support his position. Thus, the Bankruptcy Court concluded "I can't find a flaw in [the Trustee's] case. And I can't find correspondingly anything supportive of your position, unless there's something we haven't discussed."[1]

Therefore, given the complete absence of any facts offered in opposition to the Trustee's motion for summary judgment, and the admission of counsel at the argument that there were no facts to counter the Trustee's proffered facts, the Bankruptcy Court's decision to grant summary judgment was proper and the Debtor's appeal should be denied.

## STANDARD OF REVIEW

When reviewing a bankruptcy court's decisions, the District Court "reviews the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its

---

[1] Transcript from the April 1, 2015 Argument on the Trustee's Motion for Summary Judgment at 12:15-18, identified in the Debtor's Designation of Items to be Included in the Record on Appeal ("the Debtor's Designation") as Item No. 7 under Adversary Proceeding 14-00504.

2

exercise of discretion for abuse thereof." *In re Von Kiel*, 486 B.R. 327, 330 (E.D. Pa. 2013) *quoting In re O'Brien Envtl. Energy, Inc.,* 188 F.3d 116, 132 (3d Cir. 1999) (internal quotations omitted). "A bankruptcy court's ultimate determination … should be affirmed absent an abuse of discretion." *Id. quoting Meridian Bank v. Allen*, 958 F.2d 126, 1230, n. 2 (3d Cir. 1992) (internal quotations omitted). "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to facts." *Id. quoting Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods.*, 310 F.3d 118, 122 (3d Cir. 2002).

## STATEMENT OF PROCEDURAL HISTORY AND FACTS

### A.  The Debtor's Bankruptcy Petition and Schedules

On August 13, 2010, the Debtor filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code in the Bankruptcy Court for the Eastern District of Pennsylvania. On August 26, 2010, the Debtor filed his Schedules disclosing, *inter alia*, his assets and liabilities.[2] Included among his assets was the purported right to collect under a "consulting agreement." More specifically, on Schedule "B" describing his personal property, the Debtor listed the following: "Possible collection of monies owed under consulting agreement – collection doubtful." Debtor further listed the current value of the asset as "Unknown."

### B.  Examination of the Debtor Pursuant to Rule 2004

During the pendency of his bankruptcy case, on March 10, 2011, the Debtor was the subject of a Rule 2004 examination. During his examination, Debtor was questioned extensively regarding his personal property, including his rights under the purported "consulting agreement." However, the Debtor's testimony was at least evasive and, at times, false, in attesting that the "consulting agreement" had no value and that he had not, and did not intend to take any action to

---
[2] The Debtor's Summary of Schedules in included as Item No. 2 under "Main Case 10-16822" of the Debtor's Designation.

3

pursue payment under it. Based upon the Debtor's testimony, and the disclosures made on his Schedules, the Trustee reasonably believed that the Debtor's claims under the "consulting agreement" were without value and that the Debtor did not intend to pursue those claims.

C.  **The Stipulation Regarding the Debtor's Claimed Exemptions**

On April 1, 2011, the Trustee filed Objections to the Debtor's Exemptions claimed on Schedule C. Following negotiations between Debtor's counsel and the Trustee's counsel, a Stipulation and Consent Order With Respect to Trustee's Objection to Debtor's Exemptions was agreed to and entered by the Bankruptcy Court on May 3, 2011 ("Stipulated Order").[3] Pursuant to the Stipulated Order, the Trustee and the Debtor agreed that the Debtor's claims to the "consulting agreement" were limited to $410. The Stipulated Order further provided that if the Debtor sought to argue that any monies allegedly owed pursuant to the "consulting agreement" were wages, the Trustee "shall have the right to file any further pleading in the Court contesting such right of the Debtor to receive such Consulting Agreement payments." *See* Paragraph 4(c) of the Stipulated Order.

D.  **Three Days After the Entry of The Order of Discharge, The Debtor Sues in District Court to Recover Under the Consulting Agreement**

On January 16, 2012, the Trustee filed a Report of No Distribution stating that no assets were available for distribution for creditors. Thereafter, on June 26, 2012, the Bankruptcy Court entered an Order of Discharge. No less than three (3) days after the Order of Discharge was entered by the Bankruptcy Court, and notwithstanding the Debtor's representations in his Schedules and his testimony at his Rule 2004 Examination that the "consulting agreement" had been terminated and that he did not intend to pursue litigation pursuant to it, on June 29, 2012,

---

[3] The Stipulated Order is attached to the Debtor's Designation under "Main Case 10-16822" as Item No. 21.

4

the Debtor filed this instant action seeking to recover almost $2 million under the Consulting Agreement.

### E. Judge Jones' October 4, 2012 Order

Appreciating that something was amiss, in response to a motion to dismiss filed by the defendants, the Honorable C. Darnell Jones transferred the case back to the United States Bankruptcy Court on October 4, 2012. In the Order transferring the matter back to the Bankruptcy Court, Judge Jones stated that he was transferring the case back to the Bankruptcy Court "for a determination as to whether or not the subject of the contract at issue was properly reported to said court and considered by the Trustee during the pendency of Plaintiff's Chapter 7 Petition."[4]

Not until Judge Jones' October 4, 2012 Order was listed on the docket of the Debtor's bankruptcy case on November 4, 2012, did the Trustee learn of the Debtor's deception during the pendency of the bankruptcy case.

### F. The Debtor's Motion to Transfer

Eager to seek the Bankruptcy Court's permission to continue to prosecute the District Court Case for his own benefit and to the detriment of his creditors, on January 18, 2013, the Debtor filed a Motion to Transfer Case to Another Division ("Motion to Transfer"). One of the Debtor's creditors, Reliant Healthcare Management, Inc. ("Reliant") and all of the parties to the "consulting agreement" except Debtor, including Green Lion Group, LLC, Capital Family Partners, LLC, Eli Friedman and Naftali Weinberger (collectively "Capital Family"), filed objections to the Motion to Transfer.

---

[4] A true and correct copy of Judge Jones' Order is attached to the Debtor's Designation under "Main Case 10-16822" as Item No. 29.

5

Capital Family argued that the Debtor should not be allowed to pursue the claims in the District Court Case because the Debtor's remaining exemptions totaled just $410 and, more fundamentally, because the Debtor had misrepresented the true value of his claims to the Bankruptcy Court. *See* Capital Family's Response in Opposition attached to the Trustee's Designation as Item No. 3. Reliant also argued that Debtor had misrepresented to the Trustee and creditors that the "consulting agreement" was essentially worthless and cited the Debtor's schedules and his testimony from the Rule 2004 Examination.

### G. Judge Raslavich Denies Debtor's Motion to Transfer and Re-Opens The Debtor's Bankruptcy

On February 6, 2013, Chief Judge Raslavich denied the Motion to Transfer and reopened the Debtor's bankruptcy case. On February 7, 2013, the Trustee was again appointed to the Debtor's bankruptcy case.

### H. The Trustee's Declaratory Judgment Action and Motion for Summary Judgment in the Bankruptcy Court

On October 2, 2014, the Trustee filed an Adversary Proceeding in the Bankruptcy Court in the form of a declaratory judgment seeking a declaration that the monies owed under the Consulting Agreement were not wages, but rather, were property of the Debtor's bankruptcy estate.[5] A true and correct copy of the Complaint for Declaratory Judgment is included in the Debtor's Designation under "Adversary Proceeding 14-00504" as Item No. 1.

---

[5] Prior to the Adversary Proceeding filed on October 2, 2014, the Trustee filed another Adversary Proceeding on November 6, 2013. However, the Bankruptcy Court dismissed the prior Adversary Proceeding on May 1, 2014.

On February 27, 2015, the Trustee filed a motion for summary judgment in the adversary proceeding.[6] The facts upon which the Trustee sought summary judgment were included in the Trustee's Memorandum of Law in Support. A summary of those facts included the following:

- The Debtor transferred his largest asset, a nursing home known as Ashton Hall with an appraised value of $12,200,000 and purportedly received no money in exchange for the transfer. The Trustee's Memorandum of Law in Support at 4-5.

- The Debtor was given a "consulting agreement" by the purchasers of Ashton Hall pursuant to which he would receive $1,900,000 over a period of ten (10) years. *Id*. at 5.

- Pursuant to the terms of the "consulting agreement", the obligations to pay the Debtor "shall be suspended and may not be exercised [by the Debtor] on the filing a proceeding in bankruptcy by [the Debtor]. The suspension shall be continued during bankruptcy proceedings and shall be restored only after the entry of a final order of discharge of [the Debtor]." *Id.* at 6.

- The Debtor testified that the money owed pursuant to the "consulting agreement" was the proceeds from the sale of Ashton Hall. *Id*. at 7.

- The Debtor received two (2) $250,000 payments pursuant to the "consulting agreement" on May 28, 2008 and June 6, 2008, respectively. *Id*. at 6.

- In a deposition on August 6, 2009, over a year **after** receiving the first two (2) payments under the "consulting agreement", the Debtor admitted that he had performed no work for the parties to the consulting agreement. *Id*. at 8.

---

[6] The Trustee's Motion for Summary Judgment was included in the Debtor's Designation under "Adversary Proceeding 14-00504 as Item No. 3.

7

- In his bankruptcy schedules filed on August 26, 2010, the Debtor did not declare or otherwise deem the payments made under the "consulting agreement" as income received during the years 2008, 2009 or 2010. *Id*. at 10.

- On June 26, 2012, three days after receiving his discharge from bankruptcy and after representing to the Bankruptcy Court that the "consulting agreement" had no value, the Debtor filed suit in the District Court to recover the remaining $1,400,000 owed under the "consulting agreement" on a claim for breach of contract. *Id*. at 11-12.

On April 1, 2015, the Bankruptcy Court held oral argument on the Trustee's Motion. During that argument, the Bankruptcy Court pressed the Debtor's counsel on the fact that the Debtor had offered no evidence in opposition to the Trustee's Motion:

> **MR. RHOADES**: No, Your Honor. Just -- well, briefly, the -- I think it's obvious if the representation is that there was a mistake made on the statement of financial affairs, there's been no amendment to the statement, nor has there been an affidavit presented from Mr. Segal that the -- the error was a mistake. Given the fact that we've moved for summary judgment, ***and there's been no evidence presented opposing the motion,*** I think that what you just heard was argument of counsel, and not a fact from which summary judgment should be considered.
>
> **THE COURT**: Any response to that, Counsel?
>
> **MR. SALVIA**: Your Honor, only that my --
>
> **THE COURT**: The mistake, how just -- it's just your hearsay statement about what Mr. Segal told you? No affidavit was your --
>
> **MR. SALVIA**: No, we don't have an affidavit.
>
> **THE COURT**: No.
>
> **MR. SALVIA**: ***The record -- I'm stuck between a rock and hard place here, Your Honor***. The -- there are genuine issues of material fact based on the representations that are made in the motion for summary judgment.

8

THE COURT: Oh.

MR. SALVIA: The appraisal is one of them.

THE COURT: *What are the genuine issues of material fact as to the character of the monies in question? Because that was -- that's the issue you have to prevail on.* You have to -- I mean you can argue all day and night about Ashton Hall, and the sale, and who struck John, and who didn't. But what --what this lawsuit was all about -- and I don't know if you're acquainted with this level of the background now. In a prior iteration of this suit, there were all kinds of claims sought to be made, and for reasons that are part of the record, they're all by the board now, this issue, are they post petition wages? Because wages are exempt from execution.

MR. SALVIA: Right.

THE COURT: *So that's what we were to talk about in this lawsuit. That's what it was all about. And I have to tell you that the defendant -- the defendant's case on that issue is looking exceedingly weak. I don't see any evidence -- what are the material facts in dispute as to whether the payments in question, their character is or is not wages.*

MR. SALVIA: I think it would speak directly to that, is that whether or not that consulting agreement creates an employer/employee relationship or not.

THE COURT: *Well, where are the facts -- any facts suggestive of the fact that it did? Didn't we just go through the --*

MR. SALVIA: We did.

THE COURT: -- absence of all of them? *That anything that would arguably stand for the proposition that Mr. Segal and the counterparty stood in an employer/employee relationship are not present. They're missing. They're not here. Remember? W-2, W-9, withholding taxes, anything. You know, the description of the monies, no amendments, no affidavits to -- nothing. There's nothing other than --*

MR. SALVIA: And I -- I --

THE COURT: *And you have a lawsuit that he brought alleging a breach of contract and seeking damages. I mean I have to tell you, I can't find a flaw in their case. And I can't find correspondingly anything supportive of your position, unless there's something we haven't discussed.*

9

**MR. SALVIA**: I have nothing further to add, Your Honor.

Transcript from April 1, 2015 oral argument 10:7 - 12:20 (emphasis added) included in the Debtor's Designation under "Adversary Proceeding 14-00504" at Item No. 7.

Following the oral argument the Bankruptcy Court granted the Trustee's motion for Summary Judgment from the bench and entered Judgment against the Debtor and in favor of the Trustee. The next day, the Bankruptcy Court entered an Order finding as follows:

> ORDERED, that for the reasons stated in open Court, the Court holds that such monies as may be owed under the Consulting Agreement described in Plaintiff's Complaint for Declaratory Relief are property of the Debtor's bankruptcy estate, and are not post-petition wages of the Debtor; and it is further:
>
> ORDERED, that summary judgment is therefore entered in favor of the Plaintiff and against the Defendant upon the Plaintiff's Complaint.

The Bankruptcy Court's Order was included in the Debtor's Designation under "Adversary Proceeding 14-00504" as Item No. 5.

On April 23, 2015, following the Debtor's appeal of the Order of April 1, 2015, the Bankruptcy Court issued its Opinion regarding the decision to grant the Trustee's Motion. In the Opinion, the Bankruptcy Court confirmed that the Debtor offered no evidence in opposition to the Trustee's Motion:

> The parties conducted discovery and the Trustee filed a Motion for Summary Judgment. In support of his motion, the Trustee offered evidence consisting of documents and deposition testimony. The Debtor filed a reply opposing the motion, ***but offered no independent evidence of his own***. The Debtor relied entirely on purported contradictions in the Trustee's evidence.

Opinion at 2 (emphasis added).

After finding that the Trustee had "satisfied his initial burden of disproving the Debtor's claim that any money paid to or due to him under the Consulting Agreement constitutes wages"[7] and finding "persuasive all three of the arguments made by the Trustee, because each was supported by evidence in the record"[8], the Bankruptcy Court made the following finding:

> The Court finds there to be no genuine issues of material fact which would require a trial in this matter. To reiterate, the Trustee has clearly established with <u>unrebutted</u> evidence that there is no genuine issue of fact as to the issue of whether any money due the Debtor under the Consulting Agreement constitutes wages. As a matter of law, the Trustee was entitled to the judgment he sought and an appropriate Order was so entered on April 1, 2015.

Opinion at 7 (emphasis in original).

## **LEGAL ARGUMENT**

**A. Summary Judgment was Required Given the Debtor's Failure to Produce Any Evidence In Opposition to The Trustee's Motion for Summary Judgment.**

Although the Debtor raises several "issues on appeal", all of those purported issues are subsumed by the failure to adduce any evidence in opposition to the Trustee's motion for summary judgment. Because the Debtor failed to offer any evidence to rebut the Trustee's evidence presented in support of his Motion, the Debtor failed to establish that there were any facts in dispute and failed to establish any facts in support of his legal arguments that the payments owed under the "consulting agreement" were wages.

As the Bankruptcy Court stated in its Opinion, for the Debtor to successfully oppose the Trustee's motion for summary judgment, he could not simply rest on his pleadings. Rather, he

---

[7] Opinion at 5.

[8] *Id.*

must "designate specific factual averments through the use of affidavits or other permissible evidentiary material that demonstrate a triable factual dispute." Opinion at 4, *citing Celotex Corp. v. Catrett*, 477 U.S. 318, 324, 106 S.Ct. 2549, 2553 (1986). Had the Debtor submitted any evidence, in order to survive a motion for summary judgment, he must present sufficient evidence to allow a fact finder to find in his favor. *Id.*, *citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511. "Evidence that merely raises some metaphysical doubt regarding the validity of a material fact is insufficient to satisfy the nonmoving party's burden." *Id.*, *citing Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). "If the nonmoving party fails to adduce sufficient evidence in connection with an essential element of the case for which it bears the burden of proof at trial, the moving party is entitled to entry of summary judgment in its favor as a matter of law." *Id. citing Celotex Corp. v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Quite simply, because the Debtor failed to adduce any evidence in opposition to the Trustee's motion for summary judgment, and failed to address the facts in the record created by the Trustee's motion for summary judgment, the Bankruptcy Court's decision was correct and should be affirmed.

Ignoring the standards for evaluating and defeating a motion for summary judgment, the Debtor argues in his appeal that facts concerning the nature of the "consulting agreement" are still open and are disputed....". Debtor's Br. at 4. However, discovery in this case is over and the time to adduce evidence in support of the Debtor's interpretation of the "consulting agreement" was in response to the Trustee's motion for summary judgment – not in an appeal.

In addition, instead of accepting responsibility for failing to create any factual record in response to the Trustee's Motion, the Debtor brazenly seeks to fault the Bankruptcy Court for failing to create a record of the Debtor's functions under the "consulting agreement":

> While a 1099 might be issued, ***the Court has created no record whatsoever*** as to whether an IRS Form 1099 was issued to the Debtor. Nonetheless, these facts alone are insufficient to support a finding that consulting fees are not wages. Rather, the issues revolves around whether, as set for in *Jefferson Bank v. Morris*, *supra*., services were or have been performed by the consultant, in this case the Debtor.

Debtor's Br. at 7 (emphasis added). Rather than the Court having failed to "create a record", it is the Debtor that failed to create any record of the facts upon which it now seeks to overturn the Bankruptcy Court's decision.

Finally, even the facts alleged by the Debtor in its appeal are unsupported. The Debtor's brief contains representations of fact that are absent from the factual record in this case – and that were never submitted to the Bankruptcy Court in any fashion in opposition to the Trustee's Motion. For example, the Debtor's brief includes many representations regarding the Debtor's purported "unique knowledge base and experience" and how that knowledge and experience will allow him to assist the new owners of the nursing home to attract residents to the facility. *Id*. at 8. However, those facts do not exist in the factual record of this case and are, in fact, contradicted by the facts developed in discovery. As the Debtor testified, he never provided any services to the purchasers of the nursing home prior to receiving payments under the "consulting agreement."

**B.    The Additional "Issues Presented" by the Debtor's Appeal Are Either Subsumed by the First Issue Presented or Are Otherwise Meritless.**

Although the Debtor seeks to raise other purportedly unique issues on appeal, all of these purported issue are all subsumed by the fact that he failed to present any evidence in opposition to the Trustee's Motion for Summary Judgment.

First, the Debtor's arguments that payments under the "consulting agreement" are exempt and are not property of his bankruptcy estate[9] are simply not supported by any facts. The extensive legal discussion of how wages are exempt from inclusion in a debtor's bankruptcy estate is merely a distraction. No matter whether the Debtor argues that the payments are post-petition wages (Debtor's Br. at 5) or whether the Debtor argues that the payments are part of a "contract for personal services" (Debtor's Br. at 6), as discussed in detail above, the Debtor failed to offer any facts in support of his legal arguments. The legal arguments presented by the Debtor in his appeal concerned the very substance of the Trustee's declaratory judgment action in which the Trustee sought to have the Bankruptcy Court determine the nature of the payments owed under the "consulting agreement." Because the Debtor failed to present any facts in support of his legal arguments, the Bankruptcy Court properly rejected the Debtor's legal argument and granted the Trustee's motion for summary judgment.

Second, in his appeal, the Debtor continues to raise an argument that the Trustee previously abandoned his right to the payments owed under the "consulting agreement."[10] However, the Debtor chooses to ignore the key aspect of the April 28, 2011 Stipulated Order concerning the "consulting agreement." That stipulation provided that, if the Debtor opted to pursue a right to payment under the "consulting agreement", the Trustee would have the right to object and pursue litigation to recover those payments for the benefit of the Debtor's creditors:

---

[9] This argument is raised as Issue Nos. 2 and 3 by the Debtor.

[10] This argument is raised at Issue No. 4.

14

> In the event that the Debtor so claims as to the sums owed under
> the Consulting Agreement, the Trustee shall have the right to file
> any further pleading in the Court contesting such right of the
> Debtor to receive such Consulting Agreement payments.

It was this Stipulation that allowed the Bankruptcy Court to re-open the Debtor's bankruptcy case and provided the right for the Trustee to institute the declaratory judgment action in the first place. The Trustee did not abandon any right to the payments owed under the "consulting agreement." Rather, the Trustee originally took the Debtor at his word when he represented that he was not going to pursue payments under the "consulting agreement." However, the Trustee reserved the right to assert his claim to those payments if it was subsequently discovered that the Debtor was seeking those payments. Far from abandoning any right to seek payments under the "consulting agreement", the Trustee specifically preserved his ability to pursue those payments standing in the shoes of the Debtor.

Finally, the Debtor argues that the Trustee, the Bankruptcy Court and ultimately, this Court, have overstepped their authority by re-opening the Debtor's bankruptcy case, appointing counsel and filing the declaratory judgment action.[11] However, the Debtor ignores the fact that the District Court referred this matter back to the Bankruptcy Court after the Debtor filed suit on the "consulting agreement" and ignores that fact that the District Court denied his appeal to the appointment of special litigation counsel to prosecute the Trustee's claims to the proceeds under the "consulting agreement." If the actions of the Bankruptcy Court were inappropriate or beyond the scope of the referral by the District Court, this Court would not have denied the Debtor's prior appeal of the Bankruptcy Court's approval of the retention of special litigation counsel by the Trustee to pursue the claims under the "consulting agreement."

---

[11] This argument is raised as Issue No. 5.

**CONCLUSION**

Therefore, for all of the foregoing reasons, the Trustee respectfully requests that the Debtor's appeal be denied so that the Trustee can pursue all payments owed under the "consulting agreement" on behalf of the Debtor's creditors.[12]

Respectfully submitted,

/s/ Mark L. Rhoades
Mark L. Rhoades, Esquire (I.D. No.80641)
**RHOADES LLC**
One Liberty Place, 36th Floor
1650 Market Street
Philadelphia, PA  19103
215-496-9002 telephone
rhoades@rhoadesllc.com

Counsel for Robert H. Holber, in his capacity as Chapter 7 Trustee of the bankruptcy estate of Stanley Segal, Debtor

DATED:  June 17, 2015

---

[12] On May 11, 2015, the Trustee filed a Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24 and Motion to Join as Plaintiff Pursuant to Federal Rule of Civil Procedure 19 ("the Motion to Intervene") in the District Court matter filed by the Debtor and currently pending before Judge Jones.  In opposition to the Trustee's Motion to Intervene, the Debtor argued that the Motion to Intervene was premature given his appeal of the Bankruptcy Court's April 1, 2015 Order.  Although the Debtor failed to indicate that this case was related to the District Court action currently pending before Judge Jones, in violation of Local Rule 40.1(b)(3), the Trustee has respectfully requested that Judge Jones coordinate the decision on the Motion to Intervene with the Debtor's appeal of the Bankruptcy Court's April 1, 2015 Order at issue in this case.